IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| CARRIE JOHNSON, Individually and On Behalf of All Others Similarly Situated, | § § § § § § § | |
| Plaintiff, | § § | Cause No._____ |
| v. | § § | JURY TRIAL DEMANDED |
| MERIDIAN CARE, INC., | § § | |
| Defendant. | § § § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Carrie Johnson (referred to as "Plaintiff") bringing this collective action and lawsuit on behalf of herself and all other similarly situated employees to recover unpaid overtime wages from Defendant Meridian Care, Inc. (hereafter referred to as "Meridian"). In support thereof, she would respectfully show the Court as follows:

### I.    NATURE OF SUIT

1.    The Fair Labor Standards Act ("FLSA") is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers … ." 29 U.S.C. § 202(a). To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay,

minimum wage, and record keeping requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a), 211(c).

2. Defendant violated the FLSA by employing Plaintiff and other similarly situated nonexempt employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they are or were] employed." 29 U.S.C. § 207(a)(1).

3. Defendant violated the FLSA by failing to maintain accurate time and pay records for Plaintiff and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

4. Plaintiff brings this collective action under section 216(b) of the FLSA on behalf of herself and all other similarly situated employees in order to recover unpaid overtime wages.

## II. JURISDICTION AND VENUE

5. Plaintiff's claims arise under the FLSA. 29 U.S.C. §§ 201-219. Accordingly, this Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

6. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(1), (2) because Defendant resides in the Houston Division of the Southern District of Texas and/or a substantial part of the events or omissions giving rise to the claim occurred in the Houston Division of the Southern District of Texas.

### III. THE PARTIES

7.      Plaintiff Carrie Johnson is a resident of Harris County, Texas and was employed by Defendant within the meaning of the FLSA during the three (3) year period preceding the filing of this action. Plaintiff Carrie Johnson was employed with Defendant as a Direct Care Provider. Plaintiff regularly worked in excess of forty (40) hours per week. However, Plaintiff did not receive overtime pay for all hours worked at the minimum wage and for hours worked in excess of forty (40) at a rate of time and one-half as required by the FLSA.

8.      Defendant Meridian Care, Inc. is a Texas Corporation that may be served with process by serving its registered agent, Liner Anekwe, at 9894 Bissonnet, #415, Houston, Texas 77036. Alternatively, if the registered agent of Meridian Care, Inc. cannot with reasonable diligence be found at the company's registered office, Meridian Care, Inc. may be served with process by serving the Texas Secretary of State pursuant to TEX. BUS. ORG. CODE § 5.251 and TEX. CIV. PRAC. & REM. CODE § 17.026.

9.      Whenever in this Complaint it is alleged that Defendant committed any act or omission, it is meant that the Defendant's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendant or was done in the routine and normal course and scope of employment of the Defendant's officers, directors, vice-principals, agents, servants or employees.

## IV. FACTS

11.     Meridian provides care for individuals with intellectual and developmental disabilities in homes located in the territorial jurisdiction of this Court.

12.     From March 2013 to March 2017, Plaintiff was employed by Meridian as a Direct Care Provider.

13.     During Plaintiff's employment with Meridian, the company was an enterprise engaged in commerce because it (1) had employees engaged in commerce or in the production of goods for commerce or had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others and (2) had an annual gross volume of sales made or business done of at least $500,000.

14.     During Plaintiff's employment with Meridian, she regularly worked in excess of forty hours per week.

15.     Meridian knew or reasonably should have known that Plaintiff worked in excess of forty hours per week.

16.     Meridian paid Direct Care Providers, including Plaintiff, at the same hourly rate regardless of the number of hours she works; in other words, Meridian pays its Direct Care Providers including Plaintiff, straight time for overtime.

17.     Additionally, Defendant did not pay Plaintiff overtime as required by 29 U.S.C. § 207(a)(1) for the hours she worked in excess of forty per week.

18.     Meridian knew or reasonably should have known that Plaintiff was not exempt from the overtime provisions of the FLSA.

19.     Meridian failed to maintain accurate time and pay records for Plaintiff and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

20.     Meridian knew or showed a reckless disregard for whether its pay practices violated the FLSA.

21.     Meridian is liable to Plaintiff for her unpaid overtime wages, liquidated damages and attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

22.     All nonexempt employees employed by Meridian are similarly situated to Plaintiff because they (1) have similar job duties; (2); regularly work in excess of forty hours per week; (3) are not paid overtime for the hours they worked in excess of forty per week as required by 29 U.S.C. § 207(a)(1) and (4) are entitled to recover their unpaid overtime wages, liquidated damages and attorneys' fees and costs from Meridian pursuant to 29 U.S.C. § 216(b).

**V.     Count One—Failure To Pay Overtime in Violation of 29 U.S.C. § 207(a)**

23.     Plaintiff adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

24.     During Plaintiff's employment with Meridian, she was a nonexempt employee.

25.     As a nonexempt employee, Meridian was legally obligated to pay Plaintiff "at a rate not less than one and one-half times the regular rate at which she [was] employed[]" for the hours that she worked over forty in a workweek.  29 U.S.C. § 207(a)(1).

26.     Meridian failed to pay Plaintiff for the hours she worked over forty in a workweek at one and one-half times her regular rate.

27.     If Meridian classified Plaintiff as exempt from the overtime requirements of the FLSA, she was misclassified because no exemption excuses the company's noncompliance with the overtime requirements of the FLSA.

28.     Meridian knew or showed a reckless disregard for whether its pay practices violated the overtime requirements of the FLSA. In other words, Meridian willfully violated the overtime requirements of the FLSA.

### VII.   Count Three—Failure To Maintain Accurate Records in Violation of 29 U.S.C. § 211(c)

29.     Plaintiff adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

30.     The FLSA requires employers to keep accurate records of hours worked by nonexempt employees. 29 U.S.C. § 211(c); 29 C.F.R. pt. 516.

31.     In addition to the pay violations of the FLSA described above, Meridian also failed to keep proper time records as required by the FLSA.

### VIII.  Count Four—Collective Action Allegations

32.     Plaintiff adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

33.     On information and belief, other nonexempt employees/Direct Care Providers have been victimized by Meridian's violations of the FLSA identified above.

34.     These nonexempt employees/Direct Care Providers are similarly situated to Plaintiff because (1) they have similar job duties; (2) they regularly work in excess of forty hours per week; (3) they are not paid overtime for the hours they worked in excess of forty per week as required by 29 U.S.C. § 207(a)(1); and (4) they are entitled to recover their unpaid overtime wages, liquidated damages and attorneys' fees and costs from Meridian pursuant to 29 U.S.C. § 216(b).

35.     Meridian's policies or practices of failing to pay overtime compensation are generally applicable policies or practices and do not depend on the personal circumstances of the putative class members.

36.     Since, on information and belief, Plaintiff's experiences are typical of the experiences of the putative class members, collective action treatment is appropriate.

37.     All nonexempt employees/Direct Care Providers of Meridian, regardless of their rates of pay, who were not paid at a rate not less than one and one-half times the regular rates at which they were employed for the hours that they worked over forty in a workweek are similarly situated.  Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.  The Class is therefore properly defined as:

> *All nonexempt employees/Direct Care Providers employed by Meridian during the last three years.*

38.     Meridian is liable to Plaintiff and the other nonexempt employees/Direct Care Providers for the difference between what it actually paid them and what it was legally obligated to pay them.

39.     Because Meridian knew and/or showed a reckless disregard for whether its pay practices violated the FLSA, Meridian owes Plaintiff and the other nonexempt employees/Direct Care Providers their unpaid overtime wages for at least the last three years.

40.     Meridian is liable to Plaintiff and the other nonexempt employees/Direct Care Providers in an amount equal to their unpaid overtime wages as liquidated damages.

41.     Meridian is liable to Plaintiff and the other nonexempt employees/Direct Care Providers for their reasonable attorneys' fees and costs.

42.     Plaintiff has retained counsel who is well versed in FLSA collective action litigation and who is prepared to litigate this matter vigorously on behalf of her and all other putative class members.

## IX.    Jury Demand

43.     Plaintiff demands a trial by jury.

## X.    Prayer

44.     Plaintiff prays for the following relief:

   a. An order allowing this action to proceed as a collective action under 29 U.S.C § 216(b);

   b. Judgment awarding Plaintiff and the other nonexempt employees/Direct Care Providers all unpaid minimum wage, overtime compensation, liquidated damages, attorneys' fees and costs;

   c. Prejudgment interest at the applicable rate;

   d. Postjudgment interest at the applicable rate;

e.  All such other and further relief to which Plaintiff and the nonexempt employees/Direct Care Providers may show themselves to be justly entitled.

Respectfully submitted,

**MOORE & ASSOCIATES**

By: _____

Melissa Moore
Federal Id. No. 25122
State Bar No. 24013189
Curt Hesse
Federal Id. No. 968465
State Bar No. 24065414
Bridget Davidson
Federal Id. No. 3005005
State Bar No. 24096858
Lyric Center
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

**ATTORNEYS FOR PLAINTIFF**